RALPH G. KING, as Commissioner of Public Welfare of County of Essex, Plaintiff, *v.* JENNIE STURTEVANT, Defendant.*

County Court, Essex County, August 10, 1954.

* See *King* v. *Sturtevant*, 205 Misc. 600.— [REP.

*Lawson & Lawson* for defendant.

*Harlan G. Carson, County Attorney,* for plaintiff.

WICKES, J. The defendant has moved for a dismissal of the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint demands judgment for $4,654.52, the aggregate amount of public assistance alleged to have been furnished by plaintiff as Commissioner of Public Welfare to defendant and those members of her family for whose support she was admittedly responsible during the past ten years.

The defendant has concededly received $10,000 as beneficiary of a life insurance policy upon the life of her deceased son.

This policy was issued to the deceased son by the United States Government while he was still in the armed forces.

The action instituted by plaintiff is expressly authorized by subdivision 1 of section 104 of the Social Welfare Law which reads as follows: " 1. A public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract. No claim of a public welfare official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received."

The attorneys for the defendant contend on this motion that the funds received by defendant as beneficiary of her son's life insurance policy are exempt from claims of creditors, execution or levy by the provision of section 454-a of title 38 of the United States Code and that therefore no cause of action exists pursuant to section 104 of the Social Welfare Law.

No reported case directly in point has been cited by the attorneys for the parties nor has the court been able to find such a case.

Assuming that the actual moneys paid over to defendant are exempt from execution, does this assumption alone warrant the dismissal of the complaint?

We think not.

The defendant has been discovered to have property. Under the express provisions of section 104 of the Social Welware Law, the plaintiff may bring an action against defendant for the cost of the assistance or care furnished to her and to those for whose support she is or was liable.

In my opinion the plaintiff is entitled under the provisions of section 104 to recover a judgment for the amount of assistance or care so furnished up to the value of the property which the defendant is discovered to have.

This statute limits the cause of action or the amount of the judgment to be recovered to the value of the property discovered to be owned by defendant. It does not limit the cause of action or judgment to the value of property subject to levy and execution discovered to be owned by defendant.

A complaint may not be dismissed for the sole reason that a judgment obtained thereon may be uncollectible.

The defendant's contention that her funds are exempt from levy and execution can be passed on if a judgment is rendered against her and if and when execution is issued thereon.

Motion to dismiss the complaint is denied. Submit order.